UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD J. MORELL,

    Petitioner,

v.                                                                                          CASE NO. 6:06-cv-1259-Orl-28KRS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed August 23, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7, filed November 3, 2006). Petitioner filed a reply to the response (Doc. No. 11, filed December 14, 2006).

Petitioner alleges three claims for relief in his petition: (1) first, that his counsel rendered ineffective assistance when he "misinformed" Petitioner about "crucial aspects" of his plea of nolo contendere; (2) second, that Petitioner was unable to appeal his sentence because he was "incapacitated, under psychiatric treatment upon his arrival at correctional institution in 2001, [and] he suffered heart attack [sic];" and (3) third, Petitioner's "due process rights of appeal" were denied when his counsel failed to inform Petitioner of his

appellate rights. (Doc. No. 1 at 5-8). Due to the untimeliness of his petition for habeas corpus relief, the Court cannot reach the merits of Petitioner's three claims.

### *Procedural History*

On December 18, 2000, pursuant to a written plea agreement, Petitioner pled nolo contendere to the charge of DUI manslaughter. (Appendices I & II). On March 21, 2001, Judge C. McFerrin Smith, of the Seventh Judicial Circuit Court for Volusia County, Florida, adjudged Petitioner guilty of DUI manslaughter, and sentenced him to 124.5 months imprisonment. (Appendices III & IV). Petitioner did not file a direct appeal.

On May 2, 2001,[1] Petitioner filed a motion for reduction or modification of his sentence pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure. (Appendix V). Judge McFerrin Smith denied Petitioner's Rule 3.800(b) motion on August 1, 2001. (Appendix VI). Petitioner did not file a notice of appeal.

Thereafter, Petitioner did not file a motion for post-conviction relief in state court until July 14, 2005. (Appendix VII). On July 25, 2005, Petitioner's Rule 3.850 motion was denied as untimely. (Appendix VIII). On August 15, 2005, Petitioner filed a motion for rehearing, which was summarily denied on August 18, 2005. (Appendices IX & X). On July 17, 2006, Petitioner filed a petition for writ of habeas corpus in state court pursuant to

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

Rule 9.100 of the Florida Rules of Appellate Procedure. (Appendix XI). On August 2, 2006, Petitioner's Rule 9.100 petition was denied by the Fifth District Court of Appeal of the State of Florida. (Appendix XII). Petitioner filed the instant petition for writ of habeas corpus on August 21, 2006. (Doc. No. 1).

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his conviction became final to file his federal habeas corpus petition. Petitioner's state court judgment is dated March 21, 2001. Petitioner then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his convictions became final on April 20, 2001, thirty days after the written sentence was rendered. Thus, he had through April 20, 2002, absent any tolling,[2] to file his § 2254 petition. However, the instant proceeding was not filed until August 21, 2006. Since the one-year period of limitation ran on April 20, 2002, the instant habeas petition was not timely filed and must be denied.

*Equitable Tolling*

Petitioner concedes the untimeliness of his motion, but argues that the one-year period is subject to equitable tolling because his counsel failed to inform him of his right to appeal, and because Petitioner suffered from psychiatric problems. (*See* Doc. No. 1 at 6, 8 & 13). The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings; however, such tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271

---

[2] Petitioner is not entitled to tolling in this case because Petitioner's post-conviction motions were filed after the one-year statute of limitations and were specifically found to be untimely by the state court. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1809 (2005) (determining that an untimely state post-conviction proceeding is not "properly filed" within the meaning of § 2244(d)(2)); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

(11th Cir. 1999). Moreover, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Here, Petitioner satisfies neither element.

In support of his equitable tolling argument, Petitioner alleges the following:

> Petitioner's transfer to custody of Dept. of Corrections placed him in an immediate classification of psych. patient with prior suicidal attempt, being under psychiatric care, also prior, and on psychiatric medication, he was immediately classified to a psych. institution for further treatment and evaluation. Simply stated, he was in no way capable to file any type of appeal. . . . Petitioner was never informed by counsel of any timing procedures. . . .

(Doc. No. 1 at 13). The only record evidence supporting these allegations is a letter dated March 6, 2001, from Myrna A. Garcia, M.D., to the sentencing court in relation to Petitioner's sentencing. In the March 6, 2001 letter, Dr. Garcia informs that Petitioner's diagnosis includes "Major Depressive Disorder, Single Episode, Severe with Psychotic Features, Alcohol Abuse, in Remission." (Appendix IX).

Petitioner has not satisfied his burden of establishing extraordinary circumstances. Even if the record evidence did support Petitioner's allegations of attorney error, such allegations do not rise to the level of extraordinary circumstances beyond Petitioner's control which warrants equitable tolling of the one-year period set forth in §2244(d).[3]

---

[3]Notably, the Eleventh Circuit Court of Appeals has opined that ineffective assistance of counsel similar to that alleged here would not likely provide grounds for equitable tolling. *See Lee v. United States Postal Serv.*, 774 F.2d 1067, 1069 n.3 (11th Cir. 1985) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979)); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable

Further, Petitioner's unsubstantiated allegations of psychiatric problems do not warrant equitable tolling because he cannot establish a causal connection between his alleged mental incapacity and his ability to file a timely petition. *See Lawrence v. Florida*, 421 F.3d 1221, 1225-27 (11th Cir. 2005).

In this case, the only diagnosis documented by Petitioner appears in the March 6, 2001 letter from Myrna A. Garcia, M.D., to the sentencing court. Petitioner makes only conclusory allegations regarding continued instances of mental disturbance since he was treated by Dr. Garcia in 2001, and he provides no evidence of ongoing treatment during his incarceration. Under these circumstances, equitable tolling is not warranted. *See Lawrence*, 421 F.3d at 1225-27; *see also Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th Cir.) (finding equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"), *cert. denied* 126 S. Ct. 437 (2005); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding petitioner's allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling); *Collins v. Scurr*, 230 F.3d 1362 (8th Cir. 2000) (finding unsupported assertions that relate to an instance of alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999) (finding equitable

---

tolling. An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.") (citations omitted); *Turner v. Singletary*, 46 F. Supp. 2d 1238 (N.D. Fla. 1999) (equitable tolling not warranted when counsel placed habeas petition in mail on the last day of the filing deadline, but the petition was not received by the court until six days after the deadline had passed).

tolling inapplicable when mental incapacity "occurred at a time so remote to his deadline").

Finally, Petitioner has not demonstrated that he acted diligently. Almost four years passed during which Petitioner had nothing pending in federal or state court regarding his conviction and sentence. Aside from his conclusory reference to psychiatric issues, Petitioner makes no effort to explain his inaction during this lengthy period of time. Petitioner does not suggest how the one-year period could be extended to cover the entire period between April 20, 2002, until he filed the instant petition in August of 2006.[4] Under these circumstances, Petitioner's equitable tolling argument fails.

Because equitable tolling does not apply, and the one-year period of limitation ran on April 20, 2002, the instant habeas petition must be denied. Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

---

[4] In a state court filing, Petitioner represented that his psychiatric issues continued from the date of his incarceration until "mid 2003." (Appendix XI at 4 (representing that Petitioner "continued under psychiatric and psychological counseling, and medication into mid 2003")). Petitioner did not file any motion for post-conviction relief until July 14, 2005 – approximately two years after his counseling and medication allegedly concluded. (Appendix XII). Thus, even if Petitioner's unsupported allegations of psychiatric disorder were believed, and even if they did constitute "exceptional circumstances," Petitioner could not establish the diligence required for application of equitable tolling.

*Conclusion*

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus filed by Ronald J. Morell (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 5 day of January, 2007.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/4
Ronald J. Morell
Counsel of Record